# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JOE LEWIS DEES, JR., | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-00209-KD-B |
| | * |
| TOM BOATWRIGHT, | * |
| *et al.*, | * |
| | * |
| Defendants. | |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on Plaintiff Joe Lewis Dees, Jr.'s, *pro se* complaint. (Doc. 1). Upon careful review, it is **RECOMMENDED** that this action be **dismissed without prejudice**, prior to service of process, pursuant to Rule 41(b) of Federal Rules of Civil Procedure, for failure to prosecute and failure to obey the Court's orders.

**I. BACKGROUND**

On March 28, 2019, Plaintiff, Joe Lewis Dees, Jr., filed a *pro se* complaint in the United States District Court for the Middle District of Alabama. (Doc. 1). Dees sought relief under 42 U.S.C. § 1983 related to an incident that occurred on February 7, 2019, while he was being taken to the Monroe County Detention Facility. (Id. at 2). According to Dees, he was subjected to brutality and

excessive force by Defendants while being taken into custody. (Id. at 3-4).

On April 26, 2019, the case was transferred to this Court. (Doc. 5). Shortly thereafter, Dees notified the Court of a change of address to Kilby Correctional Facility in Mt. Meigs, Alabama. (Doc. 6). On June 3, 2019, the Court issued an order requiring Dees to file a new motion to proceed without prepayment of fees. (Doc. 7). Although the order was sent to Dees at Kilby Correctional Facility, the address listed in his notice, it was returned to the Court as undeliverable on June 10, 2019. (Doc. 8). A search of the State of Alabama inmate database revealed that Dees had been transferred to the Alabama Therapeutic Education Facility, located in Columbiana, Alabama. (Doc. 9). Thus, the June 3, 2019, order was mailed to Dees at the Columbiana, Alabama address, along with an order reminding him that he must notify the Court immediately of a change in his address and that failure to do so would result in the dismissal of this action. (Id. at 3).

Dees filed a new motion to proceed *in forma pauperis*, which the Court granted on July 12, 2019. (Doc. 11). Dees paid a partial filing fee of $3.93 on July 25, 2019, and following service, the Defendants filed an Answer and Special Report on December 26, 2019. (Docs. 25, 26). Dees' payment of the partial filing fee on July 25, 2019, is the last contact that he has had with this Court. (Doc. 13).

On April 20, 2020, the Court issued an order noting that a review of the Alabama Department of Corrections' website revealed

2

that Dees had been transferred to the Mobile Community Based Facility/Community Work Center (Mobile Work Release), P.O. Box 13150, Eight Mile, AL 36663-0130. (Doc. 27). The Court further noted that Dees had failed to notify the Court of his change of address, even though he was previously advised that he is responsible for advising the Court of any change in his address and that failure to do so would lead to the dismissal of his complaint. (Doc. 27 at 1). The Court also noted that Dees was clearly aware of the notification requirement, as he had filed a notice of address change on one prior occasion. (Doc. 6).

Additionally, the Court noted that, given Dees' failure to notify the Court of his last change of address and considering the length of time since the Court had heard from him, it appeared that Dees may have lost interest in litigating this action. (Doc. 27 at 1-2). Accordingly, the Court ordered Dees to inform the Court, by May 18, 2020, if he desired to proceed with the litigation of this action. (Id. at 2). Dees was cautioned that his failure to comply with the order within the prescribed time or to notify the Court of a change in his address would be treated as an abandonment of the prosecution of this action, and the action would be dismissed without prejudice. (Id.).

The Court order dated April 20, 2020, was mailed to Dees at his last known address, *i.e.,* the Mobile Work Release Center/Mobile Community Based Facility. (Id.). To date, Dees has not responded to the Court order, nor has he requested additional time within

3

which to do so. Moreover, the Court order dated April 20, 2020, has not been returned to the Court as undeliverable. Given Dees' failure to notify the Court of his last change of address, his failure to respond to the Court's order to notify the Court if he wishes to proceed with the litigation of this action, and the length of time since the Court has heard from Dees, it appears that Dees has lost interest in this litigation.

**II. DISCUSSION**

"An action may be dismissed if a [plaintiff] fails to prosecute it or if he fails to comply with any court order." Bass-El v. District Attorney, Mobile Cnty., 2016 U.S. Dist. LEXIS 87762, *3, 2016 WL 3675803, *1 (S.D. Ala. June 15, 2016), *report and recommendation adopted*, 2016 WL 3676613 (S.D. Ala. July 7, 2016)(citing Fed. R. Civ. P. 41(b)). "District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute. Bolar v. Southern Intermodal Express, 2018 U.S. Dist. LEXIS 158788, *5, 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), *report and recommendation adopted sub nom.*, 2018 U.S. Dist. LEXIS 179588, *2, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018) (quoting Hudson v. Cardwell Corp., 2006 WL 2135791, *1, 2006 U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006)).

Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to prosecute or abide by court orders or the Federal Rules of Civil

4

Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."); Smith v. HSBC Bank USA, Nat'l Ass'n, 679 Fed. Appx. 876, 879 (11th Cir. 2017)("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.") (citation omitted). "[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)).

While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 F. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.).

In the instant action, Dees failed to notify the Court of his last change of address. In addition, he has failed to respond to

5

the Court's order to inform the Court as to whether he wishes to proceed with the litigation of this action, and his last contact with the Court was in July 2019. This conduct strongly suggests that Dees has lost interest in this litigation and does not intend to prosecute this action. Accordingly, under the circumstances, the Court finds that no alternatives short of dismissal will suffice. Cf. Hollingsworth v. Thomas, 2016 U.S. Dist. LEXIS 127316, *3, 2016 WL 5024231, *1 (S.D. Ala. Aug. 8, 2016), *report and recommendation adopted*, 2016 WL 4974962 (S.D. Ala. Sept. 16, 2016)(dismissing action pursuant to Rule 41(b) where Plaintiff did not respond to the Court's order to inform the Court if he desired to continue the litigation, and it appeared that he had lost interest in this litigation).

**III. CONCLUSION**

For the reasons set forth herein, the undersigned **RECOMMENDS** that this action be **DISMISSED, without prejudice**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to obey the Court's order and failure to prosecute.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **29th** day of **May, 2020.**

                                        /s/ SONJA F. BIVINS
                                 **UNITED STATES MAGISTRATE JUDGE**